WESTERN DIST. *August*, 1834.

M'MICKEN *vs.* WEEMS ET ALS.

*plaintiff in the judgment, who shows no special authority to receive them in discharge thereof, will be declared illegal and null.*

---

M'MICKEN *vs.* WEEMS, CURATOR, &c.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF WEST FELICIANA.

The reference to the record of a suit, to show that it interrupted prescription, is insufficient to enable the Supreme Court to determine whether prescription was really interrupted.

When the evidence is insufficient to determine the fact of the interruption of prescription, but which can be ascertained, justice requires that the case be remanded for a new trial.

The plaintiff alleges, that a commercial partnership formerly existed between him and one James H. Ficklin, deceased, whose succession is now administered by the defendant, as curator; that said partnership was dissolved in September, 1817, but that no final settlement of the partnership affairs ever took place.  He alleges, that the said estate is indebted to him in the sum of five thousand dollars on account of the partnership, and that it owes him four thousand eight hundred and sixty-six dollars and ninety-three cents, with ten per cent. interest from 1819 until paid, being the amount of a note signed by Ficklin, Jed Smith and Amos Webb, on the 20th September, 1817, and by mistake made payable to M'Micken and Ficklin; but which, in fact, was really due to, and intended to be made payable to the petitioner.  He prays, that auditors be appointed to settle the concerns of the late firm, and that the defendant, as curator, be compelled to pay the amount of such sum as shall be found due, and the amount of said note.

The defendant pleaded a general denial; and opposed the plea of prescription of one, three and five years to the plaintiff's demand.  The latter plea was not filed until after the auditors reported.

The attorney for the absent heirs, pleaded the general issue, and required strict legal proof of the plaintiff's demand, if any he has.

The auditors made a detailed report of the partnership affairs.  A rule was taken on the curator and attorney of the absent heirs, to show cause why the report should not be homologated.  It was opposed by both, on various grounds. On the trial of these oppositions, and after argument on the merits of the motion, the plea of prescription was filed.  The plaintiff referred to a suit, petition and citation, and copy of the note, signed by Smith and wife, and judgment thereon of Charles M'Micken *vs.* Ira Smith and wife, to show that prescription was interrupted, but did not produce the record in the evidence on file; and also a commission and interrogatories of another suit, against Amos Webb, on the same note, to show that such a suit was brought.

The judge of probates was of opinion, that by the decisions of the Supreme Court, the plea of prescription did not apply in this case, it being in the nature of a suit by a partner against his co-partner for a settlement of accounts; he gave judgment, homologating the award of the arbitrators, allowing. the plaintiff the sum of five thousand four hundred and seventy-five dollars and twenty-six cents, including Smith and Webb's note, to be paid by the curator, &c.

*Downs,* for the plaintiff.

1. The auditors were regularly appointed, and the defendants had due notice thereof. There was no error in the judgment homologating the award. *Code of Practice,* 441 *to* 455.

2. The note of Smith and Webb was ultimately taken into the account, because the arbitrators could not make a settlement without taking it, and connecting it with the accounts taken from the books.

3. At any rate, the court should not entertain the objections to the award made by the attorney for the absent heirs, as it was not necessary to make him a party, in the rule for the homologation of the award; and a non-suit was entered as to him. *Code of Practice,* 122, 177.

4. The plea of prescription, cannot prevail in a suit for the liquidation of partnership accounts. 2 *La. Reports,* 450.

*Bradford,* for the defendant, made the following points:

1. There was error in homologating the report of the auditors, because it was made up without legal evidence before them.

2. The testimony shows, that all the evidence before the auditors was illegal.

3. The. submission to the auditors was, "to examine and report upon the accounts between the plaintiff, and the estate of Ficklin," and no more; but they took upon themselves to settle the account of the partnership, which had been closed before the death of Ficklin, which was not embraced in the submission.

4. Because the said auditors proceeded *ex parte;* the attorney for the absent heirs not being notified of the time and place of meeting, by said auditors as is required by law.

5. Because there was not sufficient legal evidence offered to the auditors; or the court below, showing that the note executed by Ficklin, Smith and Webb, was the sole property of the plaintiff.

*Martin, J.,* delivered the opinion of the court.

The curator is appellant from a judgment against him, rendered on a plea of prescription. The plaintiff urges, that the Court of Probates did not err, as the prescription was interrupted by the commencement of a suit.

The suit alluded to by the plaintiff, is indeed referred to in the record of the case under consideration; but, as the transcript of it makes no part of the record before us, we are unable to ascertain, whether the prescription was really interrupted or not; and, on the best consideration we are able to give to the case, it appears to us that justice requires, it should be remanded, in order to afford the plaintiff an opportunity of showing that prescription was interrupted.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be annulled, avoided and reversed; and that the cause be remanded for a new trial; the plaintiff and appellee paying costs in this court.

The reference to the record of a suit, to show that it interrupted prescription is insufficient to enable the Supreme Court to determine whether prescription was really interrupted.

When the evidence is insufficient to determine the fact of the interruption of prescription; but which can be ascertained, justice requires that the case be remanded for a new trial.